# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8918 | **DATE** | 9/26/2003 |
| **CASE TITLE** | Bassiouni vs. Federal Bureau of Investigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [12-1] is denied. Status hearing is set for 10/28/03 at 9:30 a.m. for scheduling conference.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9/26/2003 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAHMOUD CHERIF BASSIOUNI )
a/k/a M. CHERIF BASSIOUNI )
)
Plaintiff, )
)
v. ) No. 02 C 8918
) Judge Joan H. Lefkow
FEDERAL BUREAU OF )
INVESTIGATION )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mahmoud Cherif Bassiouni ("Bassiouni"), brought this action for declaratory and injunctive relief under the Privacy Act, 5 U.S.C. § 552a, as amended, seeking an injunction ordering the Federal Bureau of Investigation ("FBI") to amend FBI records pertaining to Bassiouni. Bassiouni alleges that the records are not "accurate, relevant, timely, and complete" as required by § 552a(e)(5) and that the records describe Bassiouni's First Amendment activities, in violation of § 552a(e)(7). Before the court is the FBI's motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Bassiouni's complaint. For the reasons set forth below, the FBI's motion to dismiss is denied.

### STANDARDS FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). Nevertheless, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim [nor does it] assign any weight to unsupported conclusions of law." *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) (internal citations and quotations omitted).

## ALLEGATIONS FROM THE COMPLAINT

By letter dated November 22, 1999, Bassiouni wrote to the FBI seeking access to records in possession of the FBI pertaining to him. By letter dated March 23, 2001, the FBI released forty nine pages of records, with redactions. By letter dated April 23, 2001, Bassiouni wrote to the FBI seeking amendment of the records on the grounds that they were not accurate; they directly or indirectly described the exercise of Bassiouni's First Amendment activities; their continued maintenance was not relevant to a legitimate statutory purpose; they were not timely; and portions of the record were not complete. By letter dated February 6, 2002, the FBI without stating reasons issued a denial of Bassiouni's request for amendment. On March 4, 2002, Bassiouni filed a written appeal from this denial of amendment. On or about September 25, 2002, Bassiouni received an undated letter from the FBI denying Bassiouni's appeal.

2

## DISCUSSION

The FBI moves to dismiss Bassiouni's complaint on three grounds. First, the FBI contends that this court lacks subject matter jurisdiction because the Privacy Act's two year statute of limitations has expired. Second, the FBI contends that it is exempt from the Privacy Act provisions under which Bassiouni brings this claim. Third, the FBI contends that Bassiouni's claim is barred because he does not allege that the FBI made any determinations about him based on the records or that he suffered any adverse effects from the FBI's maintenance of these records.

### I. Statute of Limitations

The Seventh Circuit has held that compliance with the Privacy Act's statute of limitations is a jurisdictional prerequisite. *Dilberti v. United States*, 817 F.2d 1259, 1262 (7th Cir. 1987). Thus, in any action brought under the Privacy Act, a plaintiff's compliance with the statute of limitations is a threshold inquiry that should be resolved before proceeding to the merits of the action. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Section 552a(g)(5) of the Privacy Act provides, "An action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of action arises." The question presented here concerns what act triggers the commencement of the statute of limitations period for an action concerning a Privacy Act request to amend one's government records. The FBI contends that the two year statute of limitations began in 1978, when Bassiouni first knew of the existence of the records. Thus, the FBI argues that Bassiouni's failure to file suit within the statutory time period mandates dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Bassiouni contends that statute of limitations did not begin until February 6,

3

2002, when the FBI informed him that his request to amend his FBI records had been denied. Because he filed suit within two years of that date, he argues that this court has jurisdiction.

The analysis of a statute of limitations question necessarily begins with identifying the available causes of action. Section 552a(g)(1) of the Privacy Act provides that an individual may bring a civil action against an agency whenever the agency

> (A) makes a determination under subsection (d)(3)[1] of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
> (B) refuses to comply with an individual request under subsection (d)(1) of this section;
> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual.

Bassiouni's brings this action under subsection (g)(1)(A). Thus, according to the plain language of the statute, the cause of action arose on February 6, 2002, when the FBI informed Bassiouni that his request to amend his FBI records had been denied. Relying principally on this language, several reported cases hold that the statute of limitations commences at the time a person knows or has reason to know that his request to amend has been denied. *See, e.g., Englerius v. Veterans Administration*, 837 F.2d 895, 897 (9th Cir. 1988); *McClain v. U.S. Dep't of Justice*, No. 97 C

---

[1] Subsection (d)(3) provides that an agency that maintains records shall
> permit the individual who disagrees with the refusal of the agency to amend his record to request review of such refusal . . . and if, after his review, the reviewing official refuses to amend the record in accordance with the request, permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination under subsection (g)(1)(A) of this section.

5 U.S.C. § 552a(d)(3).

4

0385, 1999 WL 759505, at *4 (N.D. Ill. Sept. 1, 1999); *Blazy* v. *Tenet*, 979 F. Supp. 10, 18 (D.D.C. 1997)("[I]n amendment cases, the two year period is measured from the denial of a request to amend."), *aff'd*, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998). Furthermore, the Department of Justice's own publication on the Privacy Act explicitly states, "In a subsection (g)(1)(A) amendment action, *the limitations period begins when the agency denies the plaintiff's request to amend.*" U.S. DEP'T OF JUSTICE, FREEDOM OF INFORMATION ACT GUIDE & PRIVACY ACT OVERVIEW 917 (May 2002 ed.)(citing *Englerius*)(emphasis added).

Despite the statutory language and the cited authorities, the FBI argues that the statute of limitations in this case began to run in 1978, when Bassiouni first learned of the existence of the records. The FBI relies on the analysis of the Privacy Act's statute of limitations found in *Dilberti*, and *Bowyer* v. *United States Dep't of Air Force*, 875 F.2d 632 (7th Cir. 1989), and argues that *Englerius*, *Blazy* and *McClain* are inconsistent with the Seventh Circuit's reasoning in *Dilberti* and *Bowyer*. FBI points to the court's statement that the "critical issue in determining whether the plaintiff's action is barred by [the statute of limitations] is the time at which the plaintiff first knew or had reason to know that the private records were being maintained." *Bowyer*, 875 F.2d at 636 (quoting *Dilberti*, 817 F.2d at 1262). The court then reasoned that once a potential plaintiff acquires such knowledge, the statute of limitations begins to run and the plaintiff has a "duty to inquire" into the bases for bringing suit. *See id.* at 637; *Dilberti*, 817 F.2d at 1264. The FBI argues that this reasoning applies to any 552a(g)(1) cause of action, including one based on (A); thus, Bassiouni's challenge to the accuracy of FBI records should have been brought within two years of the time that Bassiouni first became aware of their existence.

First, the FBI points out that neither *Dilberti* nor *Bowyer* depends on a distinction among the various claims under § 552a(g)(1). This is true, but neither did the cases need to address a distinction because both dealt with a single cause of action, that under subsection (D), an adverse effect suit.[2] The issue in both cases was whether the statute of limitations began to run when the plaintiff learned of the existence of the records at issue or when the plaintiff gained access to those records. The court held that "the relevant fact is not when the plaintiff first had physical possession of the records, but rather when he first knew of the existence of the records." *Dilberti*, 817 F.2d at 1262-63; *Bowyer*, 875 F.2d at 636. The court emphasized that even "unsubstantiated hearsay and rumors" are enough to find knowledge sufficient to trigger the statute of limitations. *Dilberti*, 817 F.2d at 1263; *Bowyer*, 875 F.2d at 636. As FBI would surely concede, this holding does not conflict with *Englerius*' holding that, in an amendment suit, the statute begins when the plaintiff knows or has reason to know that his request to amend has been denied. The two holdings simply address different issues. (In fact, the *Englerius* court cited to *Dilberti* as support for the proposition that the statute begins to run when the plaintiff "knew or had reason to know that adverse action had occurred." *Englerius*, 837 F.2d at 897.) The distinction between subsections (A) and (C) was, however, explicitly acknowledged in *Blazy*:

> "In a normal Privacy Act claim [i.e., a damage suit brought under § 552a(g)(1)(C) or (g)(1)(D)], the cause of action does not begin to run until the plaintiff knows or should know of the alleged violation." *Tijerina* v. *Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987). Furthermore, in amendment cases [brought under

---

[2] Both *Dilberti* and *Bowyer* were "adverse effect" damage suits brought under § 552a(g)(1)(C), not amendment suits brought under § 552a(g)(1)(A). *See Dilberti*, 817 F.2d at 1260 ("The plaintiff alleged that the private records adversely affected his career . . ."); *Bowyer*, 875 F.2d at 633 ("Bowyer . . . complains that his supervisor maintained inaccurate, irrelevant, and incomplete records about him, which resulted in decisions not to rehire him . . ."). The difference between the statute of limitations analyses for these two types of actions was self-evident to the court in *Blazy*.

6

§ 552a(g)(1)(A)], the two year period is measured from the denial of the request to amend.

979 F. Supp. at 18 (citing *Englerius*, 837 F.2d at 897). This argument, then, is unavailing.

Second, the FBI argues that *Englerius* allows a plaintiff who discovers the existence of inaccurate records to wait indefinitely to pursue any statutory remedies for the alleged inaccuracies, which is an unreasonble interpretation of the statute. This possibility conflicts with what the FBI calls the "duty to inquire" recognized by *Dilberti* and *Bowyer*. *See Bowyer*, 875 F.2d at 637; *Dilberti*, 817 F.2d at 1264. Again, the court disagrees. Certainly, the "duty to inquire" places the burden on a potential plaintiff who believes a government agency may be maintaining improper records to investigate those records. If he finds that the records are improper, he can seek to amend them under § 552a(d)(2). And if he fails to do so within two years, a suit for damages arising from an adverse action (under § 552a(g)(1)(C)) would be barred. But it does not follow from this that the potential plaintiff should be forever barred from seeking to amend the records, or filing suit under § 552a(g)(1)(A) seeking judicial review of an agency's refusal to amend the records, as the FBI contends. Rather, applying the rule of *Dilberti* and *Bowyer* as one-size-fits-all for each of the distinct causes of action of § 552a(g)(1) (A)-(D) leads to results that undermine the very claims created by that section and the purposes of the Privacy Act's ability to ensure that government records are "current and accurate" and to provide "adequate safeguards . . . to *prevent* the misuse of such information." Privacy Act of 1974, Pub. L. No. 93-579, § 2, 88 Stat. 1986 (1974)(emphasis added).

To see the flaw in the FBI's reasoning, one need only apply it to § 552a(g)(1)(B), which allows an individual to file a suit to enjoin an agency from withholding records requested under

7

§ 552a(d). According to the FBI's argument, any agency could deny a request by an individual to examine his records if that individual had reason to know of the existence of the records for more than two years. Nothing in the Privacy Act suggests that Congress intended to limit an individual's access to his records to only two years. A more reasonable reading of the Act would allow an individual to file suit for two years after the agency denies the request to examine the records.

In summary, this court finds nothing in *Dilberti* and *Bowyer* that conflicts with *Englerius'* holding that, in an amendment suit brought under § 552a(g)(1)(A), the statute of limitations begins to run when an individual knows or has reason to know that his request to amend has been denied. Moreover, allowing a claim to proceed for two years after denial of a request to correct records is consistent with the plain language of the statute, the Justice Department's interpretation, and several case authorities. At the same time, this would not foreclose an equitable defense such as *laches* where the FBI's correcting the records is not practicable because of the passage of time between the time the record was made and the time the request to correct was made. Bassiouni's request to amend was denied on February 6, 2002. Bassiouni filed this suit under § 552a(g)(1)(A) on December 10, 2002, well within the two year time limit. Thus, this court has subject matter jurisdiction.

## II. Exemption from Section 552a(d)

The FBI contends that its motion to dismiss should be granted because it is exempt from § 552a(d) of the Privacy Act. The FBI's exemption claim is an affirmative defense. *See Mueller v. Ameritech Information Systems, Inc.*, No. 91 C 3429, 1992 WL 48014 (N.D. Ill. March 3, 1992)("An affirmative defense is a statement that 'admits the truth of the complaint's allegations

8

but states new matter that exculpates the defendant.'") An affirmative defense must be raised in a responsive pleading, not in a motion to dismiss. Fed. R. Civ. P. 8(c). Thus, the FBI's exemption claim cannot support its motion to dismiss.

## III. Determinations or Adverse Effects

The FBI contends that this court should dismiss Bassiouni's claim because he has failed to allege that he has suffered any adverse effect from the FBI's maintenance of the records. Again, the FBI has confused the standards for § 552a(g)(1)(A) amendment actions with those for § 552a(g)(1)(C) and (g)(1)(D) damage actions. For actions brought under subsection (g)(1)(C), a plaintiff must allege a "determination . . . adverse to the individual." For actions brought under subsection (g)(1)(D), a plaintiff must allege an "adverse effect." However, Bassiouni commenced this action under § 552a(g)(1)(A), which provides, in pertinent part, that an individual may bring a civil action whenever an agency "makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request." There is no language in subsection (g)(1)(A) requiring that a plaintiff allege an "adverse effect."[3]

However, the structure of the Privacy Act suggests that § 552a(g)(1)(A) does not stand alone. To state a cause of action under subsection (g)(1)(A), a plaintiff must allege that the agency failed to comply with one of its obligations under § 552a(e). That is, a plaintiff cannot ask the court to order an agency to amend properly maintained records. Bassiouni alleges that the FBI failed to maintain accurate, relevant, timely, and complete records, as required by

---

[3] In Franklin and Bouchard's treatise on the Privacy Act, the commentators explicitly state that, in actions brought under subsection (g)(1)(A), "There is no need for the individual to prove that the failure to amend the records caused him or her any harm." GUIDEBOOK TO THE FREEDOM OF INFORMATION AND PRIVACY ACTS § 2:47, at 2-129 to 2-130 (Justin D. Franklin & Robert F. Bouchard, eds., Oct. 2001).

9

§ 552a(e)(5), and that the FBI maintained records describing Bassiouni's First Amendment activities, in violation of § 552a(e)(7). The FBI argues that Bassiouni fails to allege a violation of §§ 552a(e)(5) or (e)(7).

Section (e)(5) requires government agencies to "maintain all records which are used by the agency in making any *determination* about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the *determination*." 5 U.S.C. § 552a(e)(5)(emphasis added). The FBI contends that Bassiouni has failed to allege that the FBI made any determination based on the information contained in the records. But the FBI did make a "determination" based on the information contained in the records. The FBI "determined" not to amend Bassiouni's allegedly inaccurate records and then "determined" to reject his appeal. Subsection 552a(g)(1)(A) explicitly makes this an actionable determination. 5 U.S.C. § 552a(g)(1)(A)("Whenever an agency makes a *determination* . . . not to amend an individual's record . . . the individual may bring a civil action against the agency."). The legislative history of the Privacy Act supports this reading of § 552a(e)(5). The legislative history indicates that the word "determination" in section (e)(5) "means any *decision affecting the individual which is in whole or in part based on information contained in the record and which is made by any person or any agency.*" *Perry v. FBI*, 759 F.2d 1271, 1275 (7th Cir. 1985)(citing H.R. Rep. No. 1416, 93d Cong., 2d Sess. 15 (1974)). The FBI's decision to deny Bassiouni's request to amend his records is a determination under (e)(5). Thus, Bassiouni has stated a claim under (e)(5).

The FBI also contends that Bassiouni has failed to state a violation § 552a(e)(7), because he has not alleged that the FBI's maintenance of records describing his First Amendment

10

activities had any adverse effects on him. To support this contention, the FBI relies on *Quinn* v. *Stone*, 978 F.2d 126, 135 (3d Cir. 1992). However, *Quinn* was brought under §552a(g)(1)(D), which requires a plaintiff to allege adverse effects. Subsection §552a(g)(1)(A) contains no such requirement. Furthermore, § 552a(e)(7) contains no mention of adverse effects or determinations. It simply prohibits agencies from maintaining records describing an individual's First Amendment activities. Bassiouni has properly alleged that the records describe his First Amendment activities. Thus, he has stated a claim under § 552a(e)(7).

## CONCLUSION

For the reasons stated above, the FBI's motion to dismiss is denied (#12). This case will be called for a scheduling conference on October 28, 2003 at 9:30 a.m.

ENTER: *[signature]*

JOAN HUMPHREY LEFKOW
United States District Judge

Dated: September 26, 2003